IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BILLY J. ESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: _____ |
| ) | Division No.: _____ |
| THOMPSON COMPANIES INC, ) | |
| and ) | |
| TRIANGLE TRUCKING CORPORATION ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Service Information: ) | |
| 3614 West Arrow ) | |
| Marshall, MO 65340 ) | |

COMPLAINT

COMES NOW the Plaintiff Billy J. Ess, by and through his attorney, Matt Uhrig of the Law Office of Matt Uhrig, LLC, and for the Plaintiff's Petition against Defendants Thompson Companies Inc and Triangle Trucking Corporation (hereinafter referred to as the Defendants) state as follows:

I. SUMMARY

This is a simple failure to pay overtime case. Defendants employed the Plaintiff as a truck driver in Defendant's intra-state delivery operation. Defendants have never paid Plaintiff overtime pay as required by the Fair Labor Standards Act ("FLSA").

1

The Defendants paid the Plaintiff a flat fee per week, with no overtime, regardless of the number of hours worked in excess of 40 hours during the week. The failure to pay the Plaintiff at one-and-one half times his regular rate for hours over forty in a workweek is a plain, simple violation of the FLSA.

Plaintiff does not fall under the FLSA exemption for motor carriers, as all routes driven by the Defendant's truck drivers were within the State of Missouri. The drivers did not cross state lines, and, in fact, all routes were within a 10 mile radius of Marshall, Missouri.

For these reasons, Plaintiff seeks unpaid wages, liquidated damages, attorney fees, and all other relief permitted.

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are subject to personal jurisdiction in Missouri.

## III. PARTIES

2. Defendant Thompson Companies Inc. is an employer within the meaning of FLSA, 29 USC § 203(d), and exercised ownership and operational control over Plaintiff concerning his employment.

3. Defendant Thompson Companies Inc. d/b/a Triangle Trucking Co. is an employer within the meaning of FLSA, 29 USC § 203(d), and exercised ownership and operational control over Plaintiff concerning his employment.

4. Plaintiff Ess is a resident of Missouri and worked as a driver for Defendants.

## IV. CLASS ACTION ALLEGATIONS

5. Plaintiff brings this action on behalf of himself and the members of a class comprising of:

All persons employed by Defendants during the past five years in a non-exempt job position. Defendants did not pay overtime to any non-exempt employees and as such they have all been deprived of overtime payments and lost wages.

6. Excluded from the class are Defendant, as well as Defendant's officers, and directors. Plaintiff reserves the right to amend the definition of the class if discovery or further investigation reveals that the class should be expended or otherwise modified.

7. **Numerosity and impracticality of joinder.** The class members are so numerous that joinder of all members is impractical. The class members are easily and readily identifiable from information and records in Defendant's possession, custody, or control, or records in the possession of the Missouri Division of Employment Security or Department of Revenue.

8. **Commonality and predominance.** There are common questions of law and fact that predominate over any questions affecting the individual members of the class.

9. **Typicality.** Plaintiff's claims are typical of the claims of the other class members because all claims are governed by the FLSA.

10. **Adequacy.** Plaintiff will fully and adequately protect the interests of the other members of the class and have retained class counsel experienced and qualified in prosecuting class actions, and other forms of complex litigation. Neither Plaintiff nor his counsel have interests that conflict with the interests of the other class members.

11.     **Superiority.**  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, among other things:  it is economically impractical for class members to prosecute individual actions; prosecution as a class action will eliminate the possibility of repetitious and redundant litigation; and, a class action will enable claims to be handled in an orderly and expeditious manner.  The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

## V. FACTUAL ALLEGATIONS

12.  Plaintiff began working for the Defendants in 1982.

13.  Plaintiff worked for Defendants as a truck driver.

14.  Plaintiff was paid a flat salary per week regardless of the number of hours worked.

15.  Plaintiff regularly worked in excess of forty hours in a workweek.

16. Defendants failed to pay Plaintiff one-and-one-half times the regular rate of pay for each hour worked over forty in a workweek.

17. Plaintiff is not exempt from the FLSA because the Plaintiff's daily truck routes were strictly within the state of Missouri, and Plaintiff should be compensated for appropriate overtime.

18.  Furthermore, Plaintiff is not exempt from the FLSA because the daily truck routes of all drivers for the Defendants were strictly within the state of Missouri.

19. These practices violate the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

20. Defendants showed reckless disregard for the fact that their failure to pay Plaintiff appropriate overtime compensation was in violation of the law.

21. All conditions precedent to the filing of this suit have been satisfied.

## VI. JURY DEMAND

22. Plaintiff exercises the right to a jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

23. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over forty;

24. Judgment against Defendants that their violations of the FLSA were willful;

25. An equal amount to the wage damages as liquidated damages;

26. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

27. All costs incurred and reasonable attorney's fees for prosecuting these claims;

28. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

29. Leave to amend to add claims under applicable state laws; and

30. For such further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Matthew B. Uhrig*
Matthew B. Uhrig, #49750 MO
Law Office of Matt Uhrig, LLC
501B South Henry Clay
P.O. Box 640
Ashland, Missouri 65010
(P) 573-657-2050
(F) 573-657-2051
(E) Matt@MUhrigLaw.com